JONES, Chief Judge, and HOWELL, MADDEN, and WHITAKER, Judges, concur.

ATCHISON, T. & S. F. R. CO. v.
UNITED STATES.

PANHANDLE & S. F. R. CO. v.
UNITED STATES.

Nos. 47731, 47732.

United States Court of Claims.
July 15, 1952.

Lawrence Cake, Washington, D. C., Raymond A. Negus, Washington, D. C., on the briefs, for plaintiffs.

Donald D. Webster, Baltimore, Md., Holmes Baldridge, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

WHITAKER, Judge.

Plaintiffs claim unpaid charges for weighing for defendant's agent, the Metals Reserve Company, of certain cars loaded with ore shipped to it at El Paso, Texas. Defendant now concedes liability for these charges. They amount to $3,025.12 for the Atchison, Topeka and Santa Fe Railway Company, and to $1,042.06 for the Panhandle and Santa Fe Railway Company.

The first named plaintiff handled the cars in the yards at El Paso from June 8, 1941, to December 31, 1942, and the latter one after December 31, 1942. The same facts are applicable to each. When we speak of the plaintiff we refer to the Atchison, Topeka and Santa Fe Railway through December 31, 1942, and to the Panhandle and Santa Fe Railway Company thereafter.

Plaintiffs also claim certain switching charges incident to the weighing of these and other cars, all of which were shipped to the Metals Reserve Company from Mexico. Defendant denies liability for these charges on the ground that the weighing charges which it has paid or for which it admits liability covered the necessary switching incident to the weighing.

Two classes of shipments of cars are involved: first, those cars consigned to stockpiles of defendant at El Paso; and, second, those consigned to points beyond El Paso. Defendant's liability or nonliability for one class of shipment determines its liability or nonliability for the other, but, for the sake of clarity, we shall treat the two separately.

First, as to the cars consigned to the stockpiles in El Paso. These cars were delivered to plaintiff by the National Railways of Mexico at the International Bridge

over the Rio Grande, which divides Mexico from the United States. Plaintiff's duty was to pick them up at this point and to deliver them to defendant's stockpiles at El Paso. For this its tariffs, filed with the Interstate Commerce Commission, provided for a charge of $3.96 per car. This has been paid.

Defendant, however, requested additional service of plaintiff. It requested it to weigh the loaded cars before delivery to the stockpile, and then, after the cars had been unloaded, to weigh the unloaded cars before returning them to the National Railways of Mexico.

Plaintiff says that, in addition to its weighing charge, which defendant concedes, it is entitled to a switching charge of $3.47 a car for taking the loaded car to the scales, and another charge of $3.47 a car for taking the unloaded car by the scales and weighing it before returning it to the National Railways of Mexico.

The $3.96 per car which plaintiff has been paid covered the cost of taking the car from the International Bridge to the stockpile and returning the empty car to the International Bridge. As a part of this service plaintiff was required to carry the cars to a so-called holding track for inspection by custom officials. After inspection, its duty was to carry them on to the stockpile. However, after inspection it could not carry them on to the stockpile, because of defendant's request that they first be weighed. To do this it had to switch them from its holding track to the track where the scales were, and then back over this track and on to the stockpile.

Whether plaintiffs are entitled to this switching charge depends on its published tariff, known as "Santa Fe" Circular No. 2058–I, I.C.C. No. 13037, and an identical circular, so far as material here, known as "Santa Fe" Circular No. 2058–J, I.C.C. No. 14368, and on the tariffs for weighing cars known as Texas-Louisiana Lines Tariff 26–J, I.C.C. No. 417, and Texas-Louisiana Lines Tariff 26–K, I.C.C. No. 604.

If plaintiffs are entitled to recover, it is by virtue of Circulars 2058–I and 2058–J,

referred to above. These circulars set out switching charges in El Paso and in other places. The charges for switching cars received from the National Railways of Mexico contained this note:

"When extra switching is performed by the A. T. & S. F. on Mexican freight, such as setting cars for inspection, revision of contents or weighing, $3.47 per car will be charged for each movement."

There can be no doubt that the switching of the cars from the holding track to the scale track was extra switching. Except for the requirement for weighing them, they would have been switched from the holding track direct to the stockpile. Instead, they were switched, first, from the holding track to the scale track and then back along this scale track over other tracks to the stockpile.

This extra switching was required by the weighing, and so it would seem to come within the provisions of the circulars.

Section D (3) (a) of Texas-Louisiana Lines Tariff 26–J and 26–K, referred to above, provides for a charge of $1.25 for weighing a car before it is placed for unloading, and a charge of $3.25 if it is weighed after placement for unloading, and in the latter case an additional charge for switching. The charge for weighing before placement for unloading makes no reference to switching charges. Apparently none were contemplated.

However, it does not seem that these tariffs were intended to cover extra switching incident to the weighing of a car before unloading. It did cover switching charges for the weighing of a car which had been placed at its point of destination before request for weighing had been made, because in such case extra switching would always be necessary. Ordinarily, extra switching was not necessary where the car was weighed before it was placed for unloading, and the tariffs did not cover this. However, it cannot be doubted that Santa Fe Circulars 2058–I and 2058–J did provide a charge for extra switching, and it cannot be denied that the defendant's request for the weighing of these cars, under the circumstances of this case, did involve extra switching. A shipper, of course, is obligated to look at all tariffs to see how much he will have to pay for the services requested. The weighing tariffs 26–J and 26–K provided for the weighing, and the Santa Fe circulars provided for the extra switching. The tariffs and the circulars together undoubtedly provided for the charge which plaintiffs claim.

The plaintiff's claim for switching the unloaded cars to the scales before it returned them to the National Railways of Mexico seems to stand on the same footing. For the $3.96 defendant has paid it, plaintiff was obligated to return the empty car to the Mexican Railways. Defendant requested additional service, to wit, that before doing so, it take them by its scales and weigh them. This involved taking the car, not directly to the Mexican Railways, but, first, to its scale track, and then back along this track, and thence to the place of delivery to the Mexican Railways.

This seems a large charge for so slight a service, but the circulars so provide and we can do no other than apply them.

The claim for switching charges on through shipments, to points beyond El Paso, seems governed by the same circulars, and plaintiffs are entitled to recover them.

It has been stipulated that if the switching charges are proper, the plaintiff, the Atchison, Topeka and Santa Fe Railway Company, is entitled to recover for them $17,294.28, and that the plaintiff, Panhandle and Santa Fe Railway Company, is entitled to recover $16,313.48. To the amount of $17,294.28 there is to be added $3,025.12 for weighing charges, and to the amount of $16,313.48 there is to be added $1,042.06, also for weighing charges.

Judgment for $20,319.40 will be entered against the defendant in favor of the Atchison, Topeka and Santa Fe Railway Company, and for $17,355.54 in favor of the Panhandle and Santa Fe Railway Company.

JONES, Chief Judge, and HOWELL, MADDEN, and LITTLETON, Judges, concur.